# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JEREMY L. AIKEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-00771-VEH-SGC |
| | ) |
| WILLIAM TAYLOR, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

This is a petition for writ of habeas corpus filed by *pro se* petitioner, Jeremy Lujan Aiken, pursuant to 28 U.S.C. § 2241 and the saving clause of 28 U.S.C. § 2255(e). (Doc. 1). Petitioner, who is incarcerated at FCI Talladega, challenges his June 13, 2005 conviction in the Western District of North Carolina for possession with intent to distribute cocaine base. (*Id.* at 1; Doc. 2 at 3). This matter is fully briefed and ripe for adjudication. (*See* Docs. 7, 13). As explained below, the petition is due to be dismissed for lack of jurisdiction.

## I.   BACKGROUND

In 2004, a grand jury indictment in the Western District of North Carolina charged Petitioner with: (1) possession with intent to distribute more than 50 grams of cocaine base under 21 U.S.C. §§ 841(a) and (b)(1)(A) ("Count I"); (2) possession with intent to distribute more than 5 grams of cocaine base under 21 U.S.C. §§ 841(a)

and (b)(1)(B) ("Count II"); and (3) two counts of being a felon in possession of a firearm under 18 U.S.C. § 922(g) ("Count III", "Count IV"). (*See* Doc. 2 at 3; Doc. 7 at 3-4). The prosecution subsequently filed a notice indicating Petitioner had a "prior felony drug offense" justifying enhanced penalties under 21 U.S.C. § 851. (*See* Doc. 2 at 3; Doc. 7 at 4). Petitioner eventually pled guilty to Counts I and IV. (*See* Doc. 2 at 3; Doc. 7 at 4). As to Count I, the plea agreement acknowledged the statutory maximum sentence was life and the mandatory minimum sentence was either 10 or 20 years, depending on whether Petitioner had been found guilty of a prior felony drug offense. (*See* Doc. 7 at 4). The plea agreement stipulated "the amount of cocaine base . . . was at least 50 grams but less than 150 grams." (*See id.*). The agreement also noted the possibility that the prosecution would file a substantial-assistance motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). (*See id.*).

Petitioner pled guilty in accordance with the agreement, and a pre-sentence report ("PSR") was prepared. (*See* Doc. 7 at 4). The PSR noted Petitioner qualified as a career offender based on "two sets of convictions:" (1) drug convictions; and (2) convictions for felony robbery with a dangerous weapon. (*Id.* at 5). The PSR's calculation of the sentence was based on Petitioner's status as a career offender, including the applicable 20 year mandatory minimum sentence for Count I. (*See id.* at 4-5). The PSR yielded an advisory sentence range of 262 to 327 months. (*See id.*

at 5). During the sentencing hearing, the prosecution—citing Petitioner's assistance and cooperation—moved for a downward departure, yeilding a sentence range of 210 to 262 months. (*Id.* at 5-6). The sentencing court granted the prosecution's downward departure motion, imposing a 224 month sentence on Count I and a concurrent 120 month sentence on Count IV. (*Id.* at 6; Doc. 2 at 3-4).

Petitioner appealed, and the Fourth Circuit affirmed. *United States v. Aiken*, 165 F. App'x 272 (4th Cir. 2006); (*See* Doc. 7 at 6). On October 19, 2007, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. (*See* Doc. 1 at 2). The sentencing court dismissed the § 2255 motion as untimely. (*See id.*; Doc. 7 at 6). On May 21, 2014, Petitioner filed a second § 2255 motion, which the sentencing court dismissed as successive. (*See* Doc. 7 at 6; Doc. 2 at 4). Petitioner also filed a motion under 18 U.S.C. § 3582, seeking a sentence reduction pursuant to U.S.S.G. Amendment 782. (*See* Doc. 2 at 4). The sentencing court denied the motion due to Petitioner's status as a career offender. (*See id.*). Petitioner sought reconsideration, advancing the same arguments presented in the instant petition. (*See id.*). The sentencing court denied the motion as seeking relief unavailable via 18 U.S.C. § 3582. (*See id.*).

Petitioner asserts he was erroneously sentenced as a career offender. (Doc. 1 at 6-7). Petitioner's contention is based on *United States v. Simmons*, 649 F.3d 237

(4th Cir. 2011). (Doc. 1 at 6-7; Doc. 2 at 6). In *Simmons,* the Fourth Circuit held that, in order for a prior felony to serve as a predicate offense for sentencing enhancement purposes, the conviction must expose the defendant to the possibility of more than one year imprisonment. *Simmons*, 649 F.3d at 243.[1] Under North Carolina's structured sentencing regime, the maximum sentence Petitioner faced on his prior drug offenses was 10 months. (Doc. 2 at 6-7). Accordingly, Petitioner contends the federal sentencing court erred in finding his prior North Carolina drug convictions rendered him a career offender under the Guidelines. (*Id.*). Petitioner asks this Court to take jurisdiction over his claims under the saving clause and transfer this matter to the sentencing court. (*Id.* at 2).

## II. DISCUSSION

The general habeas statute authorizes "district courts . . . within their respective jurisdictions" to grant writs of habeas corpus to prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. When a prisoner seeks post-conviction relief based on a challenge to the validity of a federal conviction or sentence, he generally must do so by filing a § 2255 motion "to vacate, set aside or correct the sentence" in the sentencing court. 28 U.S.C.

---

[1] Petitioner also relies on *Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013), in which the Fourth Circuit held that *Simmons* applied retroactively to cases on collateral review. (Doc. 2 at 7).

§ 2255(a); *see Antonelli v. Warden, USP Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). Thus, in most cases a prisoner cannot seek a writ of habeas corpus under § 2241 to assert a claim attacking a federal sentence or conviction. *See Antonelli*, 542 F.3d at 1351.

However, under the saving clause of 28 U.S.C. § 2255(e), a federal court may grant habeas relief under § 2241 where the "remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e); *see Gilbert v. United States*, 640 F.3d 1293, 1305-06 (11th Cir. 2011) (en banc). If a federal prisoner satisfies his burden of demonstrating the requirements of the saving clause are met, he may assert the claim in a § 2241 habeas application, which must be filed in the district of confinement. *See Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). Whether the saving clause applies is a jurisdictional inquiry which must be decided before addressing the merits of a claim. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017) (en banc).

The instant petition appears to presume that Fourth Circuit law governs this matter. (*See* Doc. 2 at 4). Respondents do not address this contention, although they largely rely on Eleventh Circuit law. (*See generally* Doc. 7; Doc. 19). There is authority holding that § 2241 petitions challenging a federal conviction are governed by the law of the circuit in which the sentencing court sat. *See Hernandez v. Gilkey,*

242 F. Supp. 2d 549, 554 (S.D. Ill. 2001); *Chaney v. O'Brien,* No. 07-0012, 2007 WL 1189641, at *3 (W.D. Va. April 23, 2007), *aff'd*, 241 F. App'x 977, 977, at *1 (4th Cir. 2007). As explained below, this court need not decide which law applies because Petitioner's claims fail under both Eleventh Circuit and Fourth Circuit law.

Under Fourth Circuit law, § 2255 is only inadequate or ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Here, Petitioner cannot satisfy the second requirement of the *Jones* test. *Simmons* did not decriminalize the conduct leading to Petitioner's federal convictions.

Additionally, courts applying Fourth Circuit law have drawn a distinction between challenges to a conviction and challenges to the sentence imposed. *Green v. United States*, No. 16-0124, 2017 WL 4706902, at *4 (W.D.N.C. *dismissed* Oct. 19, 2017) (dismissing § 2241 petition premised on *Simmons*, where petitioner challenged "the legality of his sentence, not his conviction" and finding that § 2255 was adequate to address sentencing error claims). Indeed, the Fourth Circuit has not

6

extended the saving clause to sentencing error claims. *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) (per curiam) (challenges to sentencing factors not cognizable under § 2241). Accordingly, applying Fourth Circuit law, this court lacks jurisdiction to hear Petitioner's claims under § 2241.

Applying Eleventh Circuit law dooms Petitioner's claims as well. As an initial matter, Petitioner's claim is foreclosed by *Gilbert*, which held that federal prisoners may not pursue Guidelines claims via the saving clause if the sentence was within the statutory maximum of their offense. 640 F.3d at 1295.[2] The criminal statutes in effect at the time of Petitioner's conviction and sentencing provided for a maximum sentence of life imprisonment for possession with intent to distribute more than 50 grams of cocaine base. 21 U.S.C. § 841 (b)(1)(A)(iii).

Additionally, in *McCarthan*, the Eleventh Circuit further restricted the availability of the saving clause to test the validity of a federal conviction or sentence. Specifically, the court held:

---

[2] Courts sitting in the Fourth Circuit have also applied the rationale of *Gilbert* to deny post-conviction proceedings challenging sentences that did not exceed the applicable statutory maximums. *E.g. McKinnies v. Warden, FCI Bennettsville*, No. 11-0015-JFA-JDA, 2012 WL 988557, at *4 (D.S.C. *entered* Feb. 17, 2012), *report and recommendation adopted*, 2012 WL 988555 (D.S.C. Mar. 22, 2012).

> A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court.

851 F.3d at 1099. Applying this understanding, the Eleventh Circuit held the saving clause could not afford relief to the petitioner in *McCarthan*, who argued he was erroneously sentenced under the Armed Career Criminal Act ("ACCA"). The *McCarthan* petition was premised on the argument that, in light of a newly-issued Supreme Court opinion, petitioner's prior conviction for escape could not be counted as a violent felony triggering ACCA enhancements. The Eleventh Circuit held:

> McCarthan does not qualify for the saving clause because his claim that escape is not a violent felony is cognizable under section 2255. Because he was "free to bring" this claim about the interpretation of his sentencing law in his initial motion to vacate, the remedy by motion was an "adequate and effective means for testing such an argument." *Prost* [v. *Anderson*, 636 F.3d 578, 580 (10th Cir. 2011)]. He cannot now use the saving clause to make that claim in a petition for a writ of habeas corpus.

*McCarthan*, 851 F.3d at 1099-1100.

Here, Petitioner's claims are foreclosed by *McCarthan*. Petitioner attacks his federal sentence, asserting a claim he was free to bring in his § 2255 motion. *See Wess v. Fernandez*, No. 17-0801-KOB-JEO, 2017 WL 3481525, at *1 (N.D. Ala.

8

Aug. 14, 2017) (in light of *McCarthan*, court lacked jurisdiction to grant relief under saving clause on claim that prior Mississippi state conviction did not constitute a controlled substance offense under the Guidelines); *Flemming v. Fernandez*, No. 17-1059-AKK-SGC (N.D. Ala. *dismissed* Nov. 22, 2017) (adopting report and recommendation concluding court lacked jurisdiction under saving clause to hear petitioner's claims that prior Mississippi convictions for possession were not felonies). Accordingly, under binding Eleventh Circuit authority, Petitioner's claims are due to be dismissed for lack of jurisdiction.[3]

## III. CONCLUSION

For all of the foregoing reasons, Petitioner's claims are due to be dismissed without prejudice for lack of federal subject matter jurisdiction.[4]

---

[3] *McCarthan,* which overruled Eleventh Circuit precedent regarding the saving clause, was decided after briefing in this matter was complete. Because the petitioner in *McCarthan* sought *certiorari*, this court informally stayed adjudication of the instant petition pending further action from the Supreme Court. Petitioner subsequently sought mandamus, alleging undue delay in the instant proceedings. (*See* Doc. 22). The Eleventh Circuit entered an order holding the mandamus petition in abeyance for sixty (60) days, pending adjudication of the instant petition in this court. (Doc. 23). On December 4, 2017, the Supreme Court denied *certiorari* in *McCarthan*. --- S. Ct.---, 2017 WL 2036778.

[4] The Court's analysis is restricted to whether Petitioner can file a § 2241 petition pursuant to the saving clause of § 2255. The Court notes that, on the record presented to the Court regarding this Petition, Petitioner would also be barred from filing a second or successive § 2255 petition under § 2255(h). To bring a second/successive § 2255 petition, Petitioner would have to obtain certification from a panel of the Eleventh Circuit that the second/successive § 2255 petition is based on newly discovered evidence or a new rule of constitutional law, 28 U.S.C. § 2255(h), and the Court finds Petitioner has failed to demonstrate either condition.

The pending motion for reconsideration (Doc 21) is **DENIED**.

A separate order will be entered.

**DONE** this the 14th day of December, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge